```
_____ FILED
_____ LODGED          MAIL
_____ RECEIVED
```

**MAY 22 2020**

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                        DEPUTY

## SEALED

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

**20-CV-791 PGM**

AMAZON.COM, INC., a Delaware
corporation; and THE PROCTER & GAMBLE
COMPANY, an Ohio corporation,

No.

                Plaintiffs,

COMPLAINT FOR DAMAGES
AND EQUITABLE RELIEF

    v.

**[FILED UNDER SEAL]**

DOES 1-25, doing business as KEVIN D.
RODRIGUEZ, LORRAINE T. MOORE,
SANDRA R. ARAMBULA, DEBORAH J.
GRAYSON, MARILYN V. ANDERSON,
ZACHARY DUNCAN, and CAROLE DAVIS,

                Defendants.

## I.   INTRODUCTION

1.      This case involves the unlawful and expressly prohibited sale of counterfeit products by a coordinated set of bad actors operating as third-party sellers on Amazon.com. These bad actors are named in this case as Defendants Does 1-25 because they knowingly provided false names and contact information to Amazon.com, Inc. ("Amazon") when they opened their selling accounts in order to hide their true identities. The counterfeit products were probiotics the Defendants advertised and sold using registered trademarks held by The Proctor & Gamble Company ("P&G"). The Defendants illegally used the P&G trademarks to deceive consumers about the counterfeit products' origins, nature, and affiliation with P&G.

COMPLAINT - 1
4832-2465-4269v.2 0051461-001134

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

2.      Amazon and P&G jointly bring this case in order to discover the Defendants' true identities, shut down their operations, and protect consumers from deception and harm from the counterfeiting operation.

3.      Over the last 180 years, P&G has developed and sold an array of products and brands that are trusted in millions of living rooms, kitchens, laundry rooms, and bathrooms across the globe.  P&G prides itself on providing branded products and services of superior quality and value that improve the lives of consumers.

4.      P&G's line of products includes the Align Probiotics—a daily probiotic supplement that helps fortify digestive systems with healthy bacteria.

5.      P&G owns, manages, enforces, licenses, and maintains intellectual property, including trademarks for the ALIGN brand.  Relevant to this Complaint, P&G owns a registered trademark for "ALIGN" in stylized font, Trademark Reg. No. 3,644,851, and for "ALIGN" as a word mark, Trademark Reg. No. 3,172,424.  True and correct copies of the registration certificates for these trademarks are attached as **Exhibits A and B**.

***

6.      Since opening its virtual doors on the World Wide Web in July 1995, Amazon.com, Inc. ("Amazon") has worked hard to build and maintain customer trust, striving to be Earth's most customer-centric company.  Each day, consumers use Amazon's stores to purchase a wide range of products across dozens of product categories from Amazon and third-party sellers.  Amazon invests significant resources and effort into building and preserving its customers' trust.  As described in more detail below, in order to protect consumers and preserve the integrity of the Amazon stores, Amazon has robust policies and highly developed fraud detection systems to prevent bad actors from selling counterfeit products through Amazon's stores.  When Amazon discovers that a bad actor is attempting to violate Amazon's anti-counterfeiting policies, it takes immediate action to remove the bad actor from the stores and, in appropriate cases, to permanently enjoin the bad actor from future sales through court orders.  Based on Defendants' repeated and persistent violations of law, this is one such case.

COMPLAINT - 2
4832-2465-4269v.2 0051461-001134

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

7.      Defendants Does 1-25 opened and operated seven selling accounts on Amazon's online stores through which they unlawfully sold counterfeit Align probiotics bearing Align trademarks.

8.      As a result of their illegal actions, Defendants have infringed and misused P&G's IP; willfully deceived Amazon and its customers; attempted to compromise the integrity of Amazon's store, which risked undermining the trust that customers place in Amazon and P&G; tarnished Amazon's and P&G's brands and reputations; and harmed Amazon and P&G and their customers.  Additionally, Defendants' illegal actions have caused Amazon and P&G to expend significant resources to investigate and combat Defendants' wrongdoing and to bring this lawsuit to prevent Defendants from inflicting further and continued harm on Amazon, P&G, and their customers.

9.      Defendants' illegal actions as described below breached numerous provisions of Amazon's Business Solutions Agreement ("BSA"), which entitle Amazon to injunctive relief to stop Defendants from infringing and misusing P&G's IP in connection with the Amazon stores and prevent Defendants from selling products through Amazon.  Defendants' actions also infringed the Align trademarks, entitling P&G to recover its actual and statutory damages, the disgorgement of Defendants' profits, and its attorneys' fees and costs.  Further, Defendants' actions constitute unfair competition under the Lanham Act, 15 U.S.C. § 1125, for which Amazon and P&G seek various forms of damages and equitable relief.

## II.      PARTIES

10.      Amazon is a Delaware corporation with its principal place of business in Seattle, Washington.  Through its subsidiaries, Amazon owns and operates the Amazon.com website, equivalent international websites, and Amazon stores.

11.      P&G is an Ohio corporation with its principal place of business in Cincinnati, Ohio.  P&G is the owner of the Align trademarks.

12.      Defendants Does 1-25 are individuals and/or entities working in concert to knowingly and willfully operate the scheme described herein including manufacturing,

COMPLAINT - 3
4832-2465-4269v.2 0051461-001134

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

1  importing, distributing, offering for sale, and selling counterfeit Align products through

2  Amazon's online stores.  One or more Defendants provided Amazon with fictitious names,

3  addresses, and other contact information when they opened Amazon third-party selling

4  accounts to advertise and sell the counterfeit products.  As a result, the true identities of those

5  Defendants are not presently known to Plaintiffs.  In addition, one or more Defendants are

6  responsible for manufacturing the counterfeit products, among potentially other unlawful

7  activity.

8  ### III.    JURISDICTION AND VENUE

9        13.    The Court has subject matter jurisdiction over P&G's claims for trademark

10  infringement (15 U.S.C. § 1114) and unfair competition (15 U.S.C. § 1125(a)) pursuant to 15

11  U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a).  The Court has subject matter jurisdiction

12  over Amazon's breach of contract claim pursuant to 28 U.S.C. §§ 1332 and 1367.

13        14.    The Court has personal jurisdiction over all Defendants because they transacted

14  business and committed tortious acts within and directed to the State of Washington, and

15  Amazon and P&G's claims arise from those activities.  Defendants reached out to do business

16  with Amazon, a corporation with its principal place of business in Washington, and sold

17  through its stores products bearing counterfeit versions of the Align trademarks and which

18  otherwise infringed P&G's IP.  Defendants shipped products bearing counterfeit versions of the

19  Align trademarks to consumers in Washington.  Each of the Defendants is committing, or

20  facilitating the commission of, tortious acts in Washington and has wrongfully caused Amazon

21  and P&G substantial injury in Washington.

22        15.    Further, Defendants entered in the BSA with Amazon for their selling accounts,

23  stipulating that the "Governing Court" for claims to enjoin infringement of IP is state or federal

24  court in King County, Washington.

25        16.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a

26  substantial part of the events giving rise to the claims occurred in the Western District of

27  Washington.

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

17.     Pursuant to Local Civil Rule 3(d), intra-district assignment to the Seattle Division is proper because the claims arose in this Division, where (a) Amazon resides, (b) injuries giving rise to suit occurred, and (c) Defendants directed their unlawful conduct.

## IV.     FACTS

### A.     Amazon's Significant Efforts to Prevent the Sale of Counterfeit Goods

18.     Since opening its virtual doors on the World Wide Web in July 1995, Amazon has worked hard to build and maintain customer trust, striving to be Earth's most customer-centric company.  Each day, consumers use Amazon's stores to purchase a wide range of products across dozens of product categories from Amazon and third-party sellers.  Amazon recognizes that customer trust is hard to win and easy to lose, so Amazon invests significant resources and effort into building and preserving its customers' trust.

19.     Amazon works hard to build a reputation as a store where customers can conveniently select from a wide array of legitimate goods and services at competitive prices. Amazon invests significant effort and resources to ensure that when a customer makes a purchase through Amazon's stores—either directly from Amazon or from one of its millions of third-party sellers—they will receive authentic products made by the true manufacturer of those products.

20.     A small number of bad actors seek to abuse that trust by attempting to create Amazon Selling Accounts and trying to use Amazon's stores to market, sell, and distribute counterfeit and other infringing goods.  These bad actors seek to misuse and infringe the trademarks and other IP of the actual manufacturer or rights owner of those goods to deceive Amazon and consumers.  The unlawful and expressly prohibited sale of counterfeit goods in Amazon's store significantly undermines the trust that customers, sellers, and manufacturers place in Amazon, and tarnishes Amazon's brand and reputation, thereby causing irreparable reputational harm.

21.     Amazon prohibits the sale of inauthentic and fraudulent products and is constantly innovating on behalf of its customers and working with brands, manufacturers,

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

1    rights owners, and others to improve the ways it detects and prevents counterfeit products from

2    being sold to consumers.  Amazon employs dedicated teams of software engineers, research

3    scientists, program managers, and investigators to operate and continually refine its anti-

4    counterfeiting program.  Among other things, when sellers register to sell products through

5    Amazon's stores, Amazon's automated systems scan information about the sellers for indicia

6    that the prospective sellers might be bad actors, and Amazon blocks bad actors during

7    registration before they can offer any products for sale.

8         22.    Amazon's systems automatically and continuously scan thousands of variables

9    related to sellers, products, and offers to detect activity that indicates products might be

10   counterfeits offered by a bad actor.  Amazon uses innovative machine learning to improve its

11   automated systems in order to anticipate and outwit bad actors.  Numerous Amazon

12   investigators around the world respond quickly to review any listing identified as a potential

13   counterfeit product.  These investigators also review notices of claimed infringement from

14   rights owners, who are most familiar with their products.  When Amazon determines a product

15   offered for sale is a counterfeit, it removes the product immediately.  Amazon regularly

16   suspends or blocks bad actors suspected of engaging in illegal behavior or infringing others' IP

17   rights.

18        23.    Amazon also listens to signals and feedback from customers, rights owners,

19   regulators, and its selling partners to help identify and swiftly remove bad listings that make it

20   past the proactive controls.  For example, Amazon continuously monitors the more than 45

21   million pieces of feedback it receives from customers each week.  When Amazon detects issues

22   based on this feedback, it takes action to address the specific issues and uses the information to

23   improve its proactive controls to prevent issues from occurring in the first place.

24        24.    Amazon also works closely with brands and rights owners to strengthen

25   protections for their brands on Amazon.com.  Amazon continues to invest in improvements to

26   its tools with the goal of reducing invalid complaints by providing a self-guided, educational,

27   and streamlined reporting experience for rights owners.

COMPLAINT - 6
4832-2465-4269v.2 0051461-001134

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

25.     Amazon also invests heavily in developing and continuously improving its programs and tools to prevent counterfeiting.  For example, in 2017, Amazon launched the Amazon Brand Registry, which is free to any rights owner with a government-registered trademark, regardless of their economic relationship with Amazon.  Brand Registry delivers automated brand protections that use machine learning to predict infringement and proactively protect a brands' IP.  Brand Registry also provides a powerful Report a Violation tool that allows brands to search for and accurately report potentially infringing products using state-of-the-art image search technology.  More than 350,000 brands are enrolled in Brand Registry, and those brands are finding and reporting 99% fewer suspected infringements than before the launch of Brand Registry.

26.     In 2018, Amazon launched Transparency, a product serialization service that effectively eliminates counterfeits for enrolled products.  Brands enrolled in Transparency can apply a unique 2D code to every unit they manufacture, which allows Amazon, other retailers, law enforcement, and customers to determine the authenticity of any Transparency-enabled product, regardless of where the product was purchased.  Since Transparency's launch in 2018, over 7,500 brands have enrolled, protecting over 25,000 products, and preventing over 400,000 counterfeit products from being sold.

27.     In 2019, Amazon launched Amazon Project Zero, a program to empower brands to help Amazon drive counterfeits to zero.  Amazon Project Zero introduced a novel self-service counterfeit removal tool that enables brands to remove counterfeit listings directly from Amazon stores.  This enables brands to take down listings on their own and have them removed from Amazon stores within minutes.  Since the program launched in 2019, over 9,000 brands have enrolled.

28.     In addition, Amazon partners with rights owners and law enforcement to identify and prosecute bad actors suspected of engaging in illegal activity.  Lawsuits like this one, targeted directly at identified bad actors, further complement Amazon's efforts to prevent the sale and distribution of counterfeit and infringing goods.

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

**B.    P&G and Its Anti-Counterfeiting Efforts**

29.    P&G currently holds trademark registrations for the Align trademarks.  These marks have been duly and properly registered with the United States Patent and Trademark Office.

30.    P&G goes to great lengths to protect consumers from counterfeits of its products, and is committed to leading efforts to combat the presence of counterfeit products.  One way P&G achieves this is by working cooperatively with retailers and other entities around the world to combat the sale of counterfeits.  Partnering with retailers on this shared goal to eradicate counterfeiting is critical to protecting P&G's consumers.

**C.    Defendants Created Amazon Selling Accounts and Agreed Not to Sell Counterfeit Goods**

31.    Over a three-week period between November 23 and December 13, 2018, Defendants established seven Amazon selling accounts through which they sought to advertise, market, sell, and distribute counterfeit Align product.  When Defendants opened these seven accounts, they provided names, addresses, and banking information for each account.  Plaintiffs' investigations have revealed that five of the seven addresses do not exist; namely, there is no property associated with the given address.  For the remaining two existing addresses, Plaintiffs' research reflects that the individuals associated with those addresses do not match the names provided by the Defendants.  Furthermore, on information and belief, all of the names provided by Defendants for the seven accounts are fictitious.  Those names are Kevin D. Rodriquez, Lorraine T. Moore, Sandra R. Arambula, Deborah J. Grayson, Marilyn V. Anderson, Zachary Duncan, and Carole Davis.  Based on Plaintiffs' further investigations, no such persons can be found in the given cities and states and, as stated above, none of the names are associated with the specific addresses Defendants provided for the various selling accounts.

32.    The seven selling accounts were dormant for several months and then the Defendants began using the accounts to sell Align product in March and April 2019.  Subsequently, multiple customers reported concerns that the products sold from each of the seven selling accounts were counterfeit.

COMPLAINT - 8
4832-2465-4269v.2 0051461-001134

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

33.     In addition to these similarities, the seven selling accounts have various common characteristics that make it probable that the accounts are being operated by one or more of the Defendants acting in concert.  These common characteristics include 1) the use of the same Internet Service Provider ("ISP") network to log into the seller accounts; 2) associated Bank of America accounts for each seller account from a bank branch within the Richmond, Virginia routing area; and 3) several of the accounts with same Fulfillment by Amazon ("FBA") return address for returned products.

34.     To become a third-party seller on Amazon's website, sellers are required to agree to the BSA, which governs the applicant's access to and use of Amazon's services and sets forth Amazon's rules and restrictions for selling through the website.  By entering into the BSA, each seller represents and warrants that it "will comply with all applicable laws in [the] performance of [its] obligations and exercise of [its] rights" under the BSA.  A true and correct copy of the current version of Amazon's BSA is attached as **Exhibit C**.

35.     The BSA incorporates (and sellers therefore agree to be bound by) Amazon's Anti-Counterfeiting Policy, attached as **Exhibit D**, which explicitly prohibits the sale of counterfeit goods on the Amazon stores:

- The sale of counterfeit products is strictly prohibited.

- You may not sell any products that are not legal for sale, such as products that have been illegally replicated, reproduced, or manufactured

- You must provide records about the authenticity of your products if Amazon requests that documentation

Failure to abide by this policy may result in loss of selling privileges, funds being withheld, destruction of inventory in our fulfilment centers, and other legal consequences.

*Id.*

36.     Amazon's Anti-Counterfeiting Policy further describes Amazon's commitment to preventing the sale and distribution of counterfeit goods in the Amazon stores, and the consequences Amazon imposes when it becomes aware of counterfeiting:

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

- **Sell Only Authentic and Legal Products.** It is your responsibility to source, sell, and fulfill only authentic products that are legal for sale. Examples of prohibited products include:

  o Bootlegs, fakes, or pirated copies of products or content

  o Products that have been illegally replicated, reproduced, or manufactured

  o Products that infringe another party's intellectual property rights

- **Maintain and Provide Inventory Records.** Amazon may request that you provide documentation (such as invoices) showing the authenticity of your products or your authorization to list them for sale. You may remove pricing information from these documents, but providing documents that have been edited in any other way or that are misleading is a violation of this policy and will lead to enforcement against your account.

- **Consequences of Selling Inauthentic Products.** If you sell inauthentic products, we may immediately suspend or terminate your Amazon selling account (and any related accounts), destroy any inauthentic products in our fulfillment centers at your expense, and/or withhold payments to you.

- **Amazon Takes Action to Protect Customers and Rights Owners.** Amazon also works with manufacturers, rights holders, content owners, vendors, and sellers to improve the ways we detect and prevent inauthentic products from reaching our customers. As a result of our detection and enforcement activities, Amazon may:

  o Remove suspect listings.

  o Take legal action against parties who knowingly violate this policy and harm our customers. In addition to criminal fines and imprisonment, sellers and suppliers of inauthentic products may face civil penalties including the loss of any amounts received from the sale of inauthentic products, the damage or harm sustained by the rights holders, statutory and other damages, and attorney's fees.

- **Reporting Inauthentic Products.** We stand behind the products sold on our site with our A-to-z Guarantee, and we encourage rights owners who have product authenticity concerns to notify us. We will promptly investigate and take all appropriate actions to protect customers, sellers, and rights holders. You may view counterfeit complaints on the Account Health page in Seller Central.

*Id.*

COMPLAINT - 10
4832-2465-4269v.2 0051461-001134

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

37.     By virtue of registering as a third-party seller on Amazon's website, and establishing selling accounts, Defendants explicitly agreed to, and are bound by, the BSA (among other agreements).  Defendants, therefore, agreed not to advertise, market, sell or distribute counterfeit products

**D.     Defendants' Sale of Counterfeit Align Products**

**1.     Test Purchases**

38.     Defendants advertised, marketed, sold, and distributed to Amazon's customers counterfeit products as genuine Align products.  This conduct violated the BSA.  P&G has not licensed or authorized Defendants to manufacture, import, or sell products bearing the Align brand, or to use or exploit the IP rights of P&G in manufacturing, marketing, selling, or distributing products bearing the Align brand.

39.     On or around June 24, 2019, P&G conducted test purchases from one of Defendants' accounts for what was advertised as "Align Probiotics Supplement for Digestive Health in Adult Men and Women."  Defendants shipped to P&G products that bore the Align trademarks and other indications of Align and P&G's brand.  P&G reviewed the products and determined that the products were counterfeit.

40.     On or around June 24, 2019, P&G conducted test purchases from the same account for what was advertised as "Align Probiotics Supplement for Digestive Health in Adult Men and Women."  Defendants shipped to P&G's investigator products that bore the Align trademarks and other indications of Align and P&G's brand.  P&G reviewed the products and determined that the products were counterfeit.

41.     On or around June 26, 2019, P&G conducted test purchases from another of Defendants' accounts for what was advertised as "Align Probiotics Supplement for Digestive Health in Adult Men and Women."  Defendants shipped to P&G's investigator products that bore the Align trademarks and other indications of Align and P&G's brand.  P&G reviewed the products and determined that the products were counterfeit.

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

1       42.     On or around June 28, 2019, P&G conducted test purchases from a third of

2 Defendants' accounts for what was advertised as "Align Probiotics Supplement for Digestive

3 Health in Adult Men and Women." Defendants shipped to P&G's investigator products that

4 bore the Align trademarks and other indications of Align and P&G's brand. P&G reviewed the

5 products and determined that the products were counterfeit.

6       43.     P&G alerted Amazon that the products it purchased from Defendants' selling

7 accounts were counterfeit.

8      **E.**     **Amazon and P&G Shut Down Defendants' Accounts**

9       44.     In selling counterfeit Align products, Defendants falsely represented to Amazon

10 and its customers that the products Defendants sold were genuine products made by P&G.

11 Defendants also knowingly and willfully used P&G's IP in connection with the advertisement,

12 distribution, offering for sale, and sale of counterfeit Align products into the United States and

13 Washington over the Internet.

14       45.     At all times, Defendants knew that the BSA prohibited violating third-party IP

15 rights or any applicable laws. Defendants knowingly and intentionally breached the BSA by

16 selling counterfeit goods to Amazon's customers.

17       46.     Defendants have deceived Amazon's customers and Amazon, infringed and

18 misused the IP rights of P&G, and harmed the integrity of Amazon's stores and tarnished

19 Amazon's and P&G's brands.

20       47.     Amazon, after receiving notice from P&G, confirmed Defendants' unlawful sale

21 of counterfeit Align products and promptly blocked Defendants' selling accounts. In doing so,

22 Amazon exercised its rights under the BSA to protect its customers, P&G, and the integrity of

23 its stores.

24       48.     In Amazon's experience, however, it is not uncommon for bad actors who

25 attempt to sell counterfeit and infringing products and are blocked by Amazon to then attempt

26 to create new selling identities to obtain access to the Amazon stores. Therefore, unless

27 Defendants and all of their affiliated and/or successor entities are immediately and permanently

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

1   enjoined from using Amazon's stores to sell goods, the harm Defendants caused to Amazon,

2   legitimate third-party manufacturers/sellers like P&G, and consumers is likely to continue.

3   ## V.  CAUSES OF ACTION

4   ## FIRST CAUSE OF ACTION
    ### (by P&G against all Defendants)
5   ### Trademark Infringement – 15 U.S.C. § 1114

6       49.     Plaintiffs incorporate by reference the allegations of each and all of the

7   preceding paragraphs as though set forth herein.

8       50.     Defendants' activities constitute infringement of the Align trademarks as

9   described in the paragraphs above.

10      51.     P&G advertises, markets, and distributes its products using the Align trademarks

11  described above and uses these trademarks to distinguish its products from the products and

12  related items of others in the same or related fields.

13      52.     Because of P&G's long, continuous, and exclusive use of the Align trademarks

14  identified in this complaint, it has come to mean, and is understood by customers and the public

15  to signify, products from P&G.

16      53.     Defendants unlawfully advertised and sold products bearing counterfeit Align

17  trademarks.  The infringing materials that Defendants have and continue to advertise, market,

18  install, offer, and distribute are likely to cause confusion, mistake, or deception as to their

19  source, origin, or authenticity.

20      54.     Further, Defendants' counterfeiting activities are likely to lead the public to

21  conclude, incorrectly, that the infringing materials that Defendants are advertising, marketing,

22  offering, and/or distributing originate with or are authorized by P&G, thereby harming P&G, its

23  licensees, and the public.

24      55.     At a minimum, Defendants acted with willful blindness to, or in reckless

25  disregard of, their authority to use the Align trademarks and the confusion that the use of those

26  trademarks would have on consumers as to the source, sponsorship, affiliation or approval by

27  P&G of the products using those trademarks.

COMPLAINT - 13
4832-2465-4269v.2 0051461-001134

1      56.     As a result of Defendants' wrongful conduct, P&G is entitled to recover its

2   actual damages, Defendants' profits attributable to the infringement, and treble damages and

3   attorney fees pursuant to 15 U.S.C. § 1117(a) and (b).  The amount of money due from

4   Defendants to P&G is unknown to P&G and cannot be ascertained without a detailed

5   accounting by Defendants of the precise number of units of counterfeit, infringing material

6   advertised, marketed, offered or distributed by Defendants.  Alternatively, P&G is entitled to

7   statutory damages under 15 U.S.C. § 1117(c).

8      57.     P&G is further entitled to injunctive relief, including an order impounding all

9   infringing products and promotional materials in Defendants' possession.  P&G has no

10  adequate remedy at law for Defendants' wrongful conduct because, among other things: (a) the

11  Align trademarks are unique and valuable property that have no readily determinable market

12  value; (b) Defendants' infringement constitutes harm to P&G and Align's reputation and

13  goodwill such that P&G could not be made whole by any monetary award; (c) if Defendants'

14  wrongful conduct is allowed to continue, the public is likely to become further confused,

15  mistaken, or deceived as to the source, origin or authenticity of the infringing materials; and (d)

16  Defendants' wrongful conduct, and the resulting harm to P&G, is continuing.

17
                             **SECOND CAUSE OF ACTION**
18                            *(by P&G against all Defendants)*
    **False Designation of Origin, False Advertising and Unfair Competition – 15 U.S.C. § 1125**
19                                    *et seq.*

20     58.     Plaintiffs incorporate by reference the allegations of each and all of the

21  preceding paragraphs as though set forth herein.

22     59.     P&G owns the Align trademarks and advertises, markets, and distributes its

23  products using the trademarks described above and uses these trademarks to distinguish its

24  products from the products and related items of others in the same or related fields.

25     60.     Because of P&G's long, continuous, and exclusive use of the Align trademarks,

26  they have come to mean, and are understood by customers, end users, and the public to signify

27  products from ALIGN and/or P&G.

COMPLAINT - 14
4832-2465-4269v.2 0051461-001134

1    61.    Defendants' wrongful conduct includes the infringement of the Align

2  trademarks, and the unauthorized use and misuse of the ALIGN name, and/or imitation designs

3  (specifically displays, logos, icons, graphic designs, and/or packaging virtually

4  indistinguishable from the ALIGN designs) in connection with Defendants' commercial

5  advertising or promotion, including without limitation, in connection with the offering for sale

6  and sale of counterfeit ALIGN products in interstate commerce.

7    62.    In advertising and selling products bearing the counterfeit Align trademarks,

8  Defendants have used, and continue to use, the trademarks referenced above to compete

9  unfairly with P&G and to deceive customers.  Upon information and belief, Defendants'

10  wrongful conduct misleads and confuses their customers and the public as to the origin and

11  authenticity of the goods and services advertised, marketed, offered or distributed in connection

12  with the Align trademarks, name, and imitation visual designs, and wrongfully trades upon

13  P&G's goodwill and business reputation.  Defendants' conduct constitutes (a) false designation

14  of origin, (b) false or misleading description, and (c) false or misleading representation that

15  products originate from or are authorized by P&G, all in violation of 15 U.S.C. § 1125(a).

16    63.    Defendants' acts constitute willful false statements in connection with goods

17  and/or services distributed in interstate commerce, in violation of section 43(a) of the Lanham

18  Act, 15 U.S.C. § 1125(a).

19    64.    Defendants are subject to liability for the wrongful conduct alleged herein, both

20  directly and under various principles of secondary liability, including without limitation,

21  respondeat superior, vicarious liability, and/or contributory infringement.

22    65.    P&G is entitled to an injunction against Defendants, their officers, agents,

23  representatives, servants, employees, successors and assigns, and all other persons in active

24  concert or participation with them, as set forth in the Prayer for Relief below.  Defendants' acts

25  have caused irreparable injury to P&G.  The injury to P&G is and continues to be ongoing and

26  irreparable.  An award of monetary damages cannot fully compensate P&G for its injuries, and

27  P&G lacks an adequate remedy at law.

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

1    66.    P&G is further entitled to recover Defendants' profits, P&G's damages for its

2    losses, and P&G's costs to investigate and remediate Defendants' conduct and bring this action,

3    including its attorney's fees, in an amount to be determined.  The amount of money due from

4    Defendants to P&G is unknown to P&G and cannot be ascertained without a detailed

5    accounting by Defendants of the precise number of units of infringing material advertised,

6    marketed, offered or distributed by Defendants.  P&G is also entitled to the trebling of any

7    damages award as allowed by law.

8                    **THIRD CAUSE OF ACTION**
                    *(By Amazon against all Defendants)*
9                       **Breach of Contract**

10   67.    Plaintiffs incorporate by reference the allegations of each and all of the

11   preceding paragraphs as though set forth herein.

12   68.    Defendants established Amazon Selling Accounts and entered into Amazon's

13   BSA, a binding and enforceable contract between Defendants and Amazon.  Defendants also

14   contractually agreed to be bound by the Conditions of Use of the Amazon website.

15   69.    Defendants' advertising, sale, and distribution of counterfeit P&G products

16   materially breached Section 5 of the BSA and the Conditions of Use of the Amazon website in

17   numerous ways.  Among other things, Defendants' conduct constitutes infringement and

18   misuse of the IP rights of P&G.

19   70.    Defendants are subject to liability for the wrongful conduct alleged herein (i.e.,

20   the misuse of P&G's IP) both directly and under various principles of secondary liability,

21   including without limitation, respondeat superior, vicarious liability, and/or contributory

22   infringement.

23   71.    As described above, Defendants, through their illegal acts, have willfully

24   deceived Amazon and its customers, compromised the integrity of Amazon's stores,

25   significantly undermined the trust that customers place in Amazon and P&G, tarnished

26   Amazon and P&G's brands and reputations, and harmed Amazon, P&G and their customers.

27   Defendants' misconduct has also caused Amazon and P&G to expend significant resources to

COMPLAINT - 16
4832-2465-4269v.2 0051461-001134

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

1   investigate and combat Defendants' wrongdoing and to bring this lawsuit to prevent

2   Defendants from inflicting further harm on Amazon, P&G, and their customers.  Defendants'

3   illegal acts have caused irreparable injury to Amazon, and that injury is ongoing.  An award of

4   monetary damages cannot fully compensate Amazon for its injuries, and Amazon lacks an

5   adequate remedy at law.

6       72.    Amazon is entitled to an injunction against Defendants, their officers, agents,

7   representatives, servants, employees, successors and assigns, and all other persons in active

8   concert or participation with them, as set forth in the Prayer for Relief below in order to stop

9   Defendants' misuse of IP.

### FOURTH CAUSE OF ACTION
#### *(by Amazon against all Defendants)*
#### False Advertising – 15 U.S.C. § 1125(a) *et seq.*

        73.    Plaintiffs incorporate by reference the allegations of each and all of the

preceding paragraphs as though set forth herein.

        74.    Defendants infringed and misused the IP rights of P&G in marketing, selling,

and distributing products through the Amazon stores, thereby making false and misleading

statements of fact about the origin, sponsorship or approval of the goods they sold.

        75.    These statements deceived or had the capacity to deceive Amazon as to whether

Defendants were selling counterfeit goods in violation of BSA.  Defendants' deceptive acts

were material to Amazon's decision to allow Defendants to sell their goods on the Amazon

stores, because Amazon would not have permitted them to sell their goods but for the deceptive

acts.

        76.    Defendants' acts constitute willful false statements in connection with goods

and/or services distributed in interstate commerce, in violation of section 43(a) of the Lanham

Act, 15 U.S.C. § 1125(a).

        77.    Defendants are subject to liability for the wrongful conduct alleged herein, both

directly and under various principles of secondary liability, including without limitation,

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

1   respondeat superior, vicarious liability, and/or contributory infringement.

2       78.     As described above, Defendants, through their illegal acts, have willfully

3   deceived Amazon and its customers, compromised the integrity of Amazon's stores,

4   significantly undermined the trust that customers place in Amazon and P&G, tarnished

5   Amazon and P&G's brands and reputations, and harmed Amazon and P&G and their

6   customers. Defendants' misconduct has also caused Amazon and P&G to expend significant

7   resources to investigate and combat Defendants' wrongdoing and to bring this lawsuit to

8   prevent Defendants from inflicting further harm on P&G, Amazon, and their customers.

9   Defendants' illegal acts have caused irreparable injury to Amazon, and that injury is ongoing.

10  An award of monetary damages alone cannot fully compensate Amazon for its injuries, and

11  Amazon lacks an adequate remedy at law.

12      79.     Amazon is entitled to an injunction against Defendants, their officers, agents,

13  representatives, servants, employees, successors and assigns, and all other persons in active

14  concert or participation with them, as set forth in the Prayer for Relief below, along with its

15  attorneys' fees and costs in bringing this lawsuit.

16              **VI.    PRAYER FOR RELIEF**

17      WHEREFORE, Plaintiffs respectfully pray for the following relief:

18      A.      That the Court issue an order permanently enjoining Defendants, their officers,

19  agents, representatives, servants, employees, successors and assigns, and all others in active

20  concert or participation with them, from:

21          (i)     selling products on any of Amazon's websites or in any of Amazon's

22                  stores;

23          (ii)    opening any Amazon Selling Accounts;

24          (iii)   manufacturing, distributing, offering to sell, or selling any product using

25                  P&G's brand or trademarks, or which otherwise infringes P&G's

26                  intellectual property;

27

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

(iv)     assisting, aiding or abetting any other person or business entity in

engaging or performing any of the activities referred to in subparagraphs

(i) through (iii) above;

B.       That the Court enter judgment in Amazon's and P&G's favor on all claims

brought by them;

C.       That the Court enter an order pursuant to 15 U.S.C. § 1116 impounding all

counterfeit and infringing products bearing the Align trademarks or that otherwise infringe the

P&G IP, and any related item, including business records, that are in Defendants' possession or

under their control;

D.       That the Court enter an order requiring Defendants to provide P&G a full and

complete accounting of all amounts due and owing to P&G as a result of Defendants' unlawful

activities;

E.       That Defendants be required to pay all general, special, actual, and statutory

damages which P&G has sustained, or will sustain, as a consequence of Defendants' unlawful

acts, and that such damages be enhanced, doubled, or trebled as provided for by 15 U.S.C.

§ 1117(b), or otherwise allowed by law;

F.       That Defendants be required to pay the costs of this action and the reasonable

attorneys' fees incurred in prosecuting this action, as provided for by 15 U.S.C. § 1117 or

otherwise by law; and

G.       That the Court grant Amazon and P&G such other, further, and additional relief

as the Court deems just and equitable.

//

//

//

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

1    DATED this 22nd day of May, 2020.

2                                                    DAVIS WRIGHT TREMAINE LLP
                                                     *Attorneys for Plaintiffs*
3

4
                                                     By _____
5                                                        Bonnie E. MacNaughton, WSBA #36110

6

7                                                    _____
                                                     Lauren Rainwater, WSBA #43625
8

9                                                    920 Fifth Avenue, Suite 3300
                                                     Seattle, WA  98104-1604
10                                                   Tel: (206) 622-3150
                                                     Fax: (206) 757-7700
11                                                   Email:   bonniemacnaughton@dwt.com
                                                              laurenrainwater@dwt.com
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

COMPLAINT - 20
4832-2465-4269v.2 0051461-001134

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax