1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AMAZON.COM, INC., et al.,

                    Plaintiffs,

        v.

DOES 1-25, et al.,

                    Defendants.

CASE NO. 20-791RSM

ORDER GRANTING PLAINTIFFS' *EX PARTE* MOTION TO TEMPORARILY SEAL CASE AND GRANTING IN PART *EX PARTE* MOTION FOR EXPEDITED DISCOVERY

## I.    INTRODUCTION

This matter comes before the Court on Plaintiffs Amazon.com, Inc. ("Amazon") and The Procter & Gamble Company ("P&G") (collectively, "Plaintiffs")'s Motion to Temporarily Seal Documents and Case. Dkt. #2. Plaintiffs have also moved for expedited discovery relating to Defendants' identities. Dkt. #3. Defendants have not yet appeared in this matter. For the reasons set forth below, the Court GRANTS Plaintiffs' *ex parte* Motion to Seal and GRANTS IN PART Plaintiffs' *ex parte* Motion for Expedited Discovery.

## II.    BACKGROUND

On May 22, 2020, Plaintiffs filed this action against Defendants DOES 1-25, doing business as Kevin D. Rodriguez, Lorraine T. Moore, Sandra R. Arambula, Deborah J. Grayson,

Marilyn V. Anderson, Zachary Duncan, and Carole Davis (collectively, "Defendants") alleging trademark infringement, false designation of origin, breach of contract, and false advertising. Dkt. #1. Plaintiffs' claims arise from Defendants' alleged operation of various seller accounts on Amazon's online store to unlawfully advertise and sell counterfeit products that use registered trademarks held by P&G. *Id.* at ¶¶ 7, 49-79. Defendants' products are allegedly counterfeit probiotic products that bear the trademark for the ALIGN brand. P&G owns the ALIGN trademarks and has not licensed or authorized Defendants to manufacture, import, or sell products bearing these trademarks, or to use or exploit P&G's intellectual property rights in manufacturing, marketing, selling or distributing products bearing the ALIGN brand. *Id.* at ¶ 38. Plaintiffs contend that Defendants' actions breach numerous provisions of Amazon's Business Solutions Agreement, which allows Amazon to pursue injunctive relief to stop infringement and misuse of P&G's intellectual property and to prevent Defendants from selling their counterfeit products through Amazon. *Id.* at ¶ 9. Furthermore, Defendants' actions infringe the ALIGN trademarks and constitute unfair competition under the Lanham Act, 15 U.S.C. § 1125, for which Amazon and P&G seek damages and equitable relief.

Although Plaintiffs have made "significant, ongoing attempts" to determine the identities of Defendants, Dkt. #3 at 2, the seven Amazon seller accounts used by Defendants to sell the counterfeit products either use addresses that do not exist, or the individuals associated with those addresses do not match the names provided by the Defendants. Dkt. #4 at ¶¶ 4-5. Plaintiffs contend that on information and belief, the names provided by Defendants for the seven accounts are fictitious. *Id.* at ¶ 6. Despite reasonable efforts to search publicly available information, no such persons can be found in the given cities and states, and none of the names are associated with the specific addresses provided by Defendants for each seller account. *Id.* at ¶¶ 7-9; *see also* Dkt.

1    #6 at ¶¶ 3-5.  Through additional investigations, Plaintiffs have determined that Defendants have

2    used bank accounts at Bank of America from a branch in the Richmond, Virginia routing area.

3    Dkt. #5 at ¶¶ 2-3.  Plaintiffs have also identified the email service providers for each seller account.

4    *Id.*

5        Based on these findings, Plaintiffs move the Court to temporarily seal the case on the basis

6    that advanced public disclosure or notice of this case may allow Defendants to destroy or conceal

7    evidence, secrete assets, and otherwise render fruitless further prosecution of the action.  Dkt. #2.

8    Because Plaintiffs have been unable to identify and thereby serve process on Defendants, they also

9    request this Court's permission to serve a Fed. R. Civ. P. 45 subpoena on banks with accounts

10   associated with Defendants' Amazon seller accounts, credit card companies that issued credit cards

11   associated with the seller accounts, and email service providers associated with the seller accounts

12   for the sole purpose of obtaining information to identify Defendants.  Dkt. #3.  The Court will

13   address each motion in turn.

14                      **III.    DISCUSSION**

15   **A. Motion to Temporarily Seal Documents and Case**

16        "There is a strong presumption of public access to the court's files."  Local Rules W.D.

17   Wash. LCR 5(g).  To overcome this strong presumption, a party seeking to seal a judicial record

18   must meet the "compelling reasons" standard.  *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809

19   F.3d 1092, 1096 (9th Cir. 2016).  Under this "stringent standard," a court may only seal records

20   when it finds "a compelling reason and articulate[s] the factual basis for its ruling, without relying

21   on hypothesis or conjecture."  *Id.* (quoting *Kamakana v. City & County of Honolulu,* 447 F.3d

22   1172, 1179 (9th Cir. 2006)) (internal quotations omitted).

23

ORDER GRANTING PLAINTIFFS' EX
PARTE MOTION TO TEMPORARILY SEAL
CASE AND GRANTING IN PART EX PARTE
MOTION FOR EXPEDITED DISCOVERY - 3

Here, Plaintiffs have demonstrated compelling reasons to temporarily seal the case while they procure sufficient information to identify the Defendants. The Ninth Circuit has recognized a party's reasons as sufficiently compelling where the judicial record might become a "vehicle for improper purposes" beyond mere embarrassment or exposure to further litigation. *Kamakana,* 447 F.3d at 1179. Such is the case here, where public disclosure of the lawsuit may reasonably allow Defendants the opportunity to destroy or conceal evidence to frustrate the very purpose of this action. *Microsoft v. Does*, No. 11-cv-0222-JLR, Dkt. #10 (W.D. Wash. Feb. 10, 2011) (granting motion to temporarily seal case while plaintiff sought injunctive relief under 15 U.S.C. § 1116 related to use of counterfeit marks). Furthermore, Plaintiffs contend that the public would not be deprived access of these documents permanently. Dkt. #2 at 4. Indeed, they request that the case remain under seal "only while Plaintiffs uncover Defendants' identities through expedited discovery" and thereafter move for temporary relief, after which the case materials can be publicly filed. *Id.*

Based on Plaintiffs' claims, which are amply supported by declarations, the Court finds substantial risk that the judicial record would become a vehicle for improper purposes, thereby satisfying the stringent "compelling reasons" standard. Accordingly, Plaintiffs' Motion to Temporarily Seal Documents and Case, Dkt. #2, is GRANTED.

**B. Motion for Expedited Discovery**

The Court will now address Plaintiffs' Motion for Expedited Discovery, Dkt. #3. Federal Rule of Civil Procedure 26(d) bars parties from seeking "discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). In determining whether to permit expedited discovery, courts

in this jurisdiction require that the moving party demonstrate that "good cause" exists to deviate from the standard pretrial schedule. *See Sovereign Bank v. Terrence Scott Twyford, Jr.,* No. C11-1256RSM (W.D. Wash. Aug. 16, 2012) (adopting the "good cause" standard for motions for expedited discovery); *Renaud v. Gillick,* 2007 WL 98465 (W.D. Wash. 2007) (finding that plaintiffs demonstrated good cause for expedited discovery); *see also Semitool, Inc. v. Tokyo Electron Am., Inc.,* 208 F.R.D. 273, 276 (N.D. Cal. 2002) (applying "the conventional standard of good cause in evaluating Plaintiff's request for expedited discovery"). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Semitool,* 208 F.R.D. at 276. The Ninth Circuit has emphasized that diligence and the intent of the moving party are the *sine qua non* of good cause. *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 609 (9th Cir. 1992); *Renaud,* 2007 WL 984645, at *2.

As an initial matter, the Court finds that Plaintiffs have been diligent in attempting to identify Defendants through publicly-available information. Having reviewed Plaintiffs' declarations, it appears they have exhausted publicly-available means to trace specific names and addresses to the various Amazon seller accounts. *See* Dkt. #4 at ¶¶ 4-8; Dkt. #6 at ¶¶ 2-5. Consequently, Plaintiffs have sufficiently demonstrated that without expedited discovery, they will not be able to identify the individuals behind the seller accounts.

The Court likewise finds that Plaintiffs' intent in seeking expedited discovery justifies their request. Courts routinely allow early discovery for the limited purpose of identifying "Doe" defendants on whom process could not otherwise be served. *See, e.g., Music Grp. Macao Commercial Offshore Ltd. v. John Does I-IX,* No. 14-CV-621 RSM, 2014 WL 11010724, at *1–2 (W.D. Wash. July 18, 2014) (granting expedited discovery from Twitter, Inc. sufficient to

ORDER GRANTING PLAINTIFFS' EX
PARTE MOTION TO TEMPORARILY SEAL
CASE AND GRANTING IN PART EX PARTE
MOTION FOR EXPEDITED DISCOVERY - 5

1   identify Doe defendants); *The Thompsons Film, LLC. v. Does 1–194,* Case No. 2:13-cv-

2   00560RSL (W.D. Wash. Apr. 1, 2013) (allowing early discovery from internet service providers

3   to identify Doe defendants); *Digital Sin, Inc. v. Does 1–5698,* 2011 WL 5362068 (N.D. Cal.

4   2011) (same); *Cottrell v. Unknown Correctional Officers, 1–10,* 230 F.3d 1366, *1 (9th Cir.

5   2000) (explaining that "[t]he Federal Rules of Civil Procedure do not require that a district court

6   dismiss unknown defendants simply because the plaintiff is unaware of the identity of those

7   defendants at the time of the filing of the complaint."). "[W]here the identity of the alleged

8   defendant[ ][is] not [ ] known prior to the filing of a complaint[,] the plaintiff should be given an

9   opportunity through discovery to identify the unknown defendants, unless it is clear that

10  discovery would not uncover the identities, or that the complaint would be dismissed on other

11  grounds." *Wakefield v. Thompson,* 177 F.3d 1160, 1163 (9th Cir. 1999) (quoting *Gillespie v.*

12  *Civiletti,* 629 F.2d 637, 642 (9th Cir.1980)).

13      Here, Plaintiffs seek expedited discovery to ascertain sufficient identifying information

14  about Defendants Does in order to effect service.  Good cause exists where, as here, a plaintiff

15  has exhausted its means to identify the defendant through publicly-available information and

16  reasonably fears that any identifying information may soon be destroyed.  *Facebook, Inc. v.*

17  *Various, Inc.,* 2011 WL 2437433, at *3 (N.D. Cal. 2011) ("Courts in [the Ninth] Circuit permit

18  expedited discovery to identify unknown defendants usually when the plaintiff simultaneously

19  can identify no defendants and legitimately fears that information leading to their whereabouts

20  faces imminent destruction."); *see also Semitool,* 208 F.R.D. at 277 (granting expedited

21  discovery where narrowly tailored requests will "substantially contribute to moving this case

22  forward").  Furthermore, the Court finds good cause for expedited discovery given Plaintiffs'

23  claims that irreparable harm will result through Defendants' continued use of their trademarks,

1    unfair competition and false advertising.  Dkt. #1 at ¶¶ 57, 65, 79; *Music Grp. Macao Commercial*

2    *Offshore Ltd.*, 2014 WL 11010724, at *2 (finding good cause where plaintiffs alleged irreparable

3    harm through infringement and unfair competition); *see also Qwest Comm. Intl, Inc. v.*

4    *WorldQuest Networks, Inc.*, 213 F.R.D. 418, 419 (D.Co.2003) ("The good cause standard may

5    be satisfied . . . where the moving party has asserted claims of infringement and unfair

6    competition."). For these reasons, Plaintiffs' intent in seeking expedited discovery supports a

7    finding of good cause.

8            Finally, the Court finds minimal prejudice to Defendants if Plaintiffs are granted leave to

9    conduct expedited discovery.  Plaintiffs' discovery request is narrowly tailored to seek

10    information only from those bank accounts, credit cards, and email accounts associated with the

11    Amazon seller accounts for the purpose of identifying the individuals connected to those

12    accounts.  *See* Dkt. #3-1 at 2 (listing Bank of America, Mastercard, Visa and seven email service

13    providers associated with Defendants' Amazon seller accounts).  Furthermore, Plaintiffs have

14    requested discovery directed at non-parties—not the Defendants—which courts recognize as

15    "not impos[ing] a significant burden upon defendants." *Renaud*, 2007 WL 98465, at *3.

16            However, in addition to these ten identified banks, credit card companies, and email

17    service providers, Plaintiffs request prospective leave to serve "other companies or individuals

18    (e.g. banks, credit card companies, internet service providers, email service providers, etc.) that

19    may be discovered from the information possessed by the companies identified in the previous

20    paragraph, and which could reasonably lead to the discovery or confirmation of Defendant's

21    identities." Dkt. #3-1 at 2.  The Court declines to grant such an expansive request at this time.

22    Whereas Plaintiffs have sufficiently justified expedited discovery on the ten named companies,

23    the Court cannot prospectively conclude whether additional discovery on unnamed companies

1    or individuals may reasonably lead to the production of information and to what extent it may

2    prejudice Defendants.    To the extent Plaintiffs discover additional information warranting

3    additional Rule 45 subpoenas, they may file a supplemental motion for expedited discovery with

4    information supporting their requests.

### IV.    CONCLUSION

6    For the foregoing reasons, the Court GRANTS Plaintiffs' *ex parte* Motion to Temporarily

7    Seal Case, Dkt. #2, and GRANTS IN PART Plaintiffs' *ex parte* Motion for Expedited Discovery,

8    Dkt. #3.  Accordingly, the Court hereby ORDERS:

9    (1) Plaintiffs' Motion to Temporarily Seal Documents and Case, Dkt. #2, is GRANTED.

10   This action shall remain under seal.  All current and future filings shall likewise be temporarily

11   sealed, such that they do not appear on the public docket.

12   (2) Plaintiffs' Motion for Expedited Discovery, Dkt. #3, is GRANTED IN PART.

13   Plaintiffs are granted leave, prior to the Rule 26(f) conference, to serve Rule 45 subpoenas on the

14   following companies solely for the purpose of obtaining account information that may help

15   identify Defendants:

16       a.   <u>Bank of America</u>

17       b.   <u>Mastercard</u>

18       c.   <u>Visa</u>

19       d.   <u>Fireman.net</u>; <u>cash4u.com</u>; <u>mail.com</u>; <u>clerk.com</u>; <u>uymail.com</u>; <u>myself.com</u>; and

20            <u>email.com</u>

21   (3) Should Plaintiffs identify other companies or individuals (e.g., banks, credit card

22   companies, internet service providers, email service providers, etc.) discovered from the

23   information possessed by the companies identified in the previous paragraph, and which could

reasonably lead to the discovery or confirmation of Defendants' identities, they may file a supplemental motion for service of additional Rule 45 subpoenas of those identified companies or individuals.

(4) Plaintiffs shall provide a copy of this Order with each subpoena issued pursuant thereto.

Dated this 3rd day of August, 2020.


RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER GRANTING PLAINTIFFS' EX
PARTE MOTION TO TEMPORARILY SEAL
CASE AND GRANTING IN PART EX PARTE
MOTION FOR EXPEDITED DISCOVERY - 9