UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMAZON.COM, INC., et al.,<br><br>　　　　　　Plaintiffs,<br><br>　v.<br><br>DOES 1-25, et al.,<br><br>　　　　　　Defendants. | CASE NO. C20-791RSM<br><br>ORDER GRANTING PLAINTIFFS' *EX PARTE* SUPPLEMENTAL MOTION FOR EXPEDITED DISCOVERY |

## I.　　INTRODUCTION

This matter comes before the Court on Plaintiffs Amazon.com, Inc. ("Amazon") and The Procter & Gamble Company ("P&G") (collectively, "Plaintiffs")'s Supplemental Motion for Expedited Discovery. Dkt. #12. Defendants have not yet appeared in this matter. For the reasons set forth below, the Court GRANTS Plaintiffs' motion.

## II.　　BACKGROUND

On May 22, 2020, Plaintiffs filed this action against Defendants DOES 1-25, doing business as Kevin D. Rodriguez, Lorraine T. Moore, Sandra R. Arambula, Deborah J. Grayson, Marilyn V. Anderson, Zachary Duncan, and Carole Davis (collectively, "Defendants") alleging trademark infringement, false designation of origin, breach of contract, and false advertising. Dkt. #1. Plaintiffs' claims arise from Defendants' alleged operation of various seller accounts on

1  Amazon's online store to unlawfully advertise and sell counterfeit probiotic products bearing the
2  ALIGN trademark held by P&G. *Id.* at ¶¶ 7, 49-79.
3  After reasonable efforts to identify the Defendants through publicly-available information,
4  Plaintiffs determined that the seven Amazon seller accounts used by Defendants to sell the
5  counterfeit products either use addresses that do not exist, or the individuals associated with those
6  addresses do not match the names provided by the Defendants. Dkt. #4 at ¶¶ 4-5. For that reason,
7  Plaintiffs moved to temporarily seal the case and moved for expedited discovery for the limited
8  purpose of identifying "Doe" defendants on whom process could not otherwise be served. Dkts.
9  #2, #3.
10  On August 3, 2020, the Court granted Plaintiffs' motion to temporarily seal the case. Dkt.
11  #11. The Court also granted in part Plaintiffs' motion for expedited discovery and authorized
12  Plaintiffs to serve Rule 45 subpoenas on the following companies solely for the purpose of
13  obtaining account information that may help identify Defendants:
14      a. Bank of America
15      b. Mastercard
16      c. Visa
17      d. Fireman.net; cash4u.com; mail.com; clerk.com; uymail.com; myself.com; and
18         email.com
19  Dkt. #11 at 8-9. However, the Court declined to grant Plaintiffs prospective leave to serve
20  additional companies and/or individuals discovered from information possessed by the companies
21  identified in the previous paragraph. *Id.* Instead, it required Plaintiffs to file a supplemental
22  motion for expedited discovery such that the Court could determine whether additional discovery
23

ORDER GRANTING PLAINTIFFS' EX
PARTE SUPPLEMENTAL MOTION FOR
EXPEDITED DISCOVERY - 2

may reasonably lead to the production of information and to what extent it may prejudice Defendants. *Id.* at 7-8.

In response to the subpoenas authorized by the Court's initial order, Visa and Mastercard identified two companies that issued credit card accounts and possess records connected to those accounts held by the Doe defendants related to their alleged counterfeiting activities: Regions Banks ("Regions") and DBS Bank Ltd. ("DBS"). Dkt. #13 at 3-7. On September 18, 2020, Plaintiffs moved for leave to serve subpoenas on Regions and DBS. Dkt. #12.

### III. DISCUSSION

#### A. Motion for Expedited Discovery

Federal Rule of Civil Procedure 26(d) bars parties from seeking "discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). In determining whether to permit expedited discovery, courts in this jurisdiction require that the moving party demonstrate that "good cause" exists to deviate from the standard pretrial schedule. *See Sovereign Bank v. Terrence Scott Twyford, Jr.,* No. C11-1256RSM (W.D. Wash. Aug. 16, 2012) (adopting the "good cause" standard for motions for expedited discovery); *Renaud v. Gillick,* 2007 WL 98465 (W.D. Wash. 2007) (finding that plaintiffs demonstrated good cause for expedited discovery); *see also Semitool, Inc. v. Tokyo Electron Am., Inc.,* 208 F.R.D. 273, 276 (N.D. Cal. 2002) (applying "the conventional standard of good cause in evaluating Plaintiff's request for expedited discovery"). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Semitool,* 208 F.R.D. at 276. The Ninth Circuit has emphasized that diligence and the intent of the moving

party are the *sine qua non* of good cause. *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 609 (9th Cir.1992); *Renaud,* 2007 WL 984645, at *2.

The Court previously found good cause for expedited discovery in this matter where Plaintiffs exercised diligence in attempting to identify the Doe defendants through publicly-available information and sought the discovery to identify the unnamed defendants. *See* Dkt. #11 at 6-7. For the same reasons, the Court finds good cause for expedited discovery on Regions and DBS. Here, Plaintiffs have exercised diligence in attempting to identify the Does defendants, and their intent in seeking expedited discovery to identify these defendants justifies their request. The Court likewise finds minimal prejudice to Defendants if Plaintiffs are granted leave to conduct expedited discovery. Their discovery request is narrowly tailored to seek information only from those banks with accounts connected to Defendants' alleged counterfeiting activities. *See* Dkt. #13 at 4-7. Furthermore, Plaintiffs have requested discovery directed at non-parties—not the Defendants—which courts recognize as "not impos[ing] a significant burden upon defendants." *Renaud*, 2007 WL 98465, at *3.

Accordingly, the Court finds sufficient good cause to grant expedited discovery as to Regions and DBS.

### IV.   CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiffs' *ex parte* Supplemental Motion for Expedited Discovery, Dkt. #12. Accordingly, the Court hereby ORDERS:

(1) Plaintiffs are granted leave, prior to the Rule 26(f) conference, to serve Rule 45 subpoenas on (a) Regions Bank; and (b) DBS Bank, Ltd., solely for the purpose of obtaining account information that may help identify Defendants.

(2) Plaintiffs shall provide a copy of this Order with each subpoena issued pursuant thereto.

Dated this 22nd day of September, 2020.

_____
RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE