UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMAZON.COM, INC., a Delaware corporation, and PROCTER & GAMBLE COMPANY, an Ohio corporation,<br><br>Plaintiffs,<br><br>v.<br><br>DOES 1-25, doing business as Kevin D. Rodriguez, Lorraine T. Moore, Sandra R. Arambula, Deborah J. Grayson, Marilyn V. Anderson, Zachery Duncan, and Carole Davis,<br><br>Defendants. | CASE NO. 2:20-cv-791<br><br>ORDER GRANTING PLAINTIFFS' EX PARTE MOTION TO UNSEAL |

## INTRODUCTION

This matter comes before the Court on Plaintiffs Amazon.com, Inc. and the Procter & Gamble Company's ("P&G") most recent status report. Dkt. No. 24. Plaintiffs request that the Court unseal this matter in its entirety. *Id.* at 2. Defendants have not appeared in this matter. For the reasons below, the Court GRANTS Plaintiffs' ex parte request to unseal and ORDERS Plaintiffs to serve Defendants.

## BACKGROUND

Plaintiffs filed this trademark infringement action against unidentified Defendants on May 22, 2020. Dkt. No. 1 at 1. Plaintiffs allege Defendants operated seller accounts on

ORDER GRANTING PLAINTIFFS' EX PARTE MOTION TO UNSEAL - 1

Amazon's online store to unlawfully advertise and sell counterfeit probiotics using P&G's registered trademarks. *Id.* at 13–18. But Plaintiffs could not identify Defendants before filing their complaint because the infringing seller accounts used fake names. *See id.* at 4.

On August 3, 2020, the Court sealed this case. Dkt. No. 11. Since public disclosure of the lawsuit would give Defendants an opportunity to destroy or conceal evidence while Plaintiffs tried to uncover their identities, the Court temporarily sealed the action. *Id.* at 4. The Court also permitted expedited discovery tailored to identifying "Doe" Defendants. *Id.* at 7. From June 2021 to January 2023, Plaintiffs filed status reports advising the Court of their continued discovery efforts. Dkt. Nos. 19–24. In 2022, Plaintiffs also reported their ongoing cooperation with federal law enforcement. *See* Dkt. No. 21 at 2. In their latest report, Plaintiffs confirm the investigation "has reached a point such that this action may be unsealed without jeopardizing law enforcement's efforts." Dkt. No. 24 at 2. Plaintiffs ask the Court to unseal this case. *Id.*

## DISCUSSION

"There is a strong presumption of public access to the court's files." LCR 5(g). "[A] court may seal records only when it finds 'a compelling reason and articulate[s] the factual basis for its ruling[.]'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096–97 (9th Cir. 2016) (quoting *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006)).

The Court finds no compelling reason for this case to remain sealed. Plaintiffs appear to no longer fear that Defendants will destroy or conceal evidence given they ask the Court to publish this case. Plaintiffs also confirm publication will not jeopardize the parallel criminal investigation. Therefore, this case should be publicly available.

## CONCLUSION

Accordingly, the Court GRANTS Plaintiffs' ex parte motion to unseal this case. Dkt. No. 24. The Court ORDERS Plaintiffs to serve Defendants within the deadlines set forth by the

ORDER GRANTING PLAINTIFFS' EX PARTE MOTION TO UNSEAL - 2

Federal Rules of Civil Procedure. If Plaintiffs fail to serve Defendants within 90 days of this order, Plaintiffs shall file a status report.

Dated this 15th day of May, 2023.

Jamal N. Whitehead
United States District Judge